BAKER v. HERNDON.    (No. 5979.)

(Court of Civil Appeals of Texas. Austin. Dec. 11, 1918. Rehearing Denied Feb. 19, 1919.)

1. CARRIERS &#8734;228(3) — LIVE STOCK — ACTIONS—EVIDENCE—ADMISSIBILITY.

In an action against a carrier for damages to a shipment of cattle, evidence as to the difference in market value of the cattle in the condition in which they arrived, and in "good condition," *held* admissible.

2. APPEAL AND ERROR &#8734;231(3)—EVIDENCE—OBJECTIONS IN LOWER COURT—"GOOD."

In an action for damages to shipment of live stock, a question as to the difference in market value of the cattle in the condition when they arrived at destination, and "in good condition," and without injuries, not objected to because of the quoted words, though objected to as not giving correct measure of damages, did not constitute reversible error; the word "good" being a relative term meaning satisfactory in kind, quality, or degree.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Good.]

3. APPEAL AND ERROR ⊚═⊃729—ASSIGNMENTS OF ERROR—SUFFICIENCY.

Assignments of error objecting to special issues as being on the weight of evidence, as assuming material facts, and as submitting more than one question in the same issue, were too general.

Appeal from Coleman County Court; W. Marcus Weatherred, Judge.

Action by W. C. Herndon against James A. Baker, receiver of the International & Great Northern Railway Company. Judgment for plaintiff, and defendant appeals. Affirmed.

Snodgrass, Dibrell & Snodgrass, of Coleman, ·for appellant.

Critz & Woodward, of Coleman, for appellee.

KEY, C. J. This is a damage suit growing out of a shipment of cattle from San Antonio, Tex., to Santa Anna, Tex.; and from a judgment in favor of plaintiff, the defendant, Jas. A. Baker, receiver for the International l& Great Northern Railway Company has appealed.

The first five assignments of error complain of the action of the trial court in overruling objections to certain testimony. A sample of the testimony complained of is, as follows:

"Q. What, if anything, was the difference in the market value of the cattle described, in the condition in which they were in when they arrived at Santa Anna, and in good condition and without those injuries; if these cattle were worth $65 before leaving, and there was no market for them, what was their value, or what was the difference in the market? A. Sixty-five dollars difference."

The testimony referred to was given by the plaintiff in his own behalf, and the objections were: First, that he was not qualified to testify as to market value; and, second, that the testimony was not admissible, because it ignored the true measure of damages, to wit, the difference in market value of the cattle in the condition in which they arrived, and the condition in which they should have arrived.

[1] We overrule all of those assignments, and hold that the testimony was admissible. The court instructed the jury that the measure of damages was, as stated by appellant, the difference in the market value of the cattle in the condition in which they ·arrived, and the condition in which they should have arrived; and the testimony complained of tended to aid the jury in applying that measure of damages.

[2] Appellant's contention in this court seems to be that the use of the words "in good condition" rendered the question improper. The record does not show that appellant made that specific objection ·in the court below; the objection there made, as disclosed by the bills of exception, being "because the question does not submit a proper measure of damages, and the answer was not the proper measure of damages."

The policy of our law of procedure, as disclosed by legislation enacted in recent years and· by the trend of judicial utterances, is to avoid the reversal of cases upon questions not involving substantive law, unless it is made to appear that the identical and specific question was presented to and ruled upon by the. trial court.

The record in this case does not show that appellant objected to the questions because they included the words "in good condition," and that, in itself, ought to be sufficient reason for declining to sustain the assignments referred to. However, the word "good" is a relative term, and has several shades of meaning, one of which is given by the Century Dictionary as, "Satisfactory in kind, quantity, quality, or degree." At any rate, it does not signify the best, and therefore the witness could not have understood the question as describing cattle in the best condition, and may have understood it as applying to cattle that had been shipped the same distance, and had not been injured by the negligence of the carrier; and if appellant desired to know whether or not he had made allowance for such injuries as necessarily result from the proper shipment of live stock under such circumstances, he should have elicited that fact on cross-examination.

Under several assignments of error appellant complains of the court's charge, and the refusal to give certain requested instructions, all. of which have been considered and are overruled. It does not appear. from the record that the written objections to the court's charge were presented before the charge was read to the jury, as required by the statute, and many of the objections, like the one copied above concerning the admissibility of testimony, were too general. For instance, the objections to the first special issue submitted to the jury read as follows:

"(a) Same is upon the weight of the evidence.
"(b) Assumes material facts at issue in the case.
"(c) Submits more than one question of fact in the same issue, whereas it should submit only one question of fact."

[3] In the opinion of this court, these objections are too much like a general demurrer and to have been good they should have pointed out wherein and how the charge was upon the weight of evidence, assumed material facts, about which there was a conflict of testimony, and should have designated the different facts which it was claimed were improperly submitted together. However, the objections to the charge pointed out in

---

⊚═⊃For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

appellant's brief have been considered, and are not regarded as sound.

All the other questions presented in appellant's brief have been duly considered, and are decided against him; and as no reversible error has been pointed out, the judgment is affirmed.

Affirmed.

---

⊙⊃For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes